**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-1837**

_____

CHAUNCEY LOUIS PAYNE,

    Plaintiff - Appellant,

  v.

CITY OF LAUREL, MARYLAND, a municipal corporation; DAVID
CRAWFORD; JOHN PROCTOR,

    Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Richard D. Bennett, District Judge.
(1:07-cv-00583-RDB)

_____

Argued:  October 27, 2010    Decided:  November 15, 2010

_____

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Matthew August LeFande, Arlington, Virginia, for Appellant.
Daniel Karp, KARPINSKI, COLARESI & KARP, PA, Baltimore,
Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chauncey Payne, a reserve officer with the Washington, D.C. Metropolitan Police Department (the "D.C. Police Department"), brought this action pursuant to 42 U.S.C. § 1983 (2006) against Laurel Police Officer John Proctor, the City of Laurel, Maryland, and Laurel's Chief of Police, David Crawford. Payne also asserts state common law and constitutional claims against these defendants. Payne alleges that he suffered injuries because Officer Proctor deliberately or recklessly filed a deficient warrant affidavit that, if corrected, would have provided no probable cause for charges. The district court granted summary judgment to the defendants. We affirm.

I.

On April 20, 2006, Officer Proctor drafted and filed an application for statement of charges (the "warrant affidavit") based on his investigation of Payne. The investigation arose from complaints that Lasheka Brown lodged against Payne with the Laurel Police Department.

In short, Brown reported that on March 11 and 15, 2006, Payne approached her in the vicinity of the apartment complex in which she lived. The complex is located at 9407 Springhouse Lane in Laurel, Maryland. Brown alleged that during their first encounter Payne identified himself as "Chauncey," and advised

2

her that he was a police officer, who had the authority to issue warnings for vehicles not registered in Maryland. Brown's vehicle was registered in South Carolina. According to Brown, Payne further told her that he had seen her exercising at the Sport Fit gym. Brown subsequently spoke with someone at Springhouse Lane's leasing office and learned that there was no resident in the complex with the name of "Chauncey," and that the apartment complex had never granted anyone the authority to issue vehicle warnings. During the second encounter, Brown reported that Payne ran after her car as she drove away from her apartment.[*]

On March 28, 2006, Officer Proctor met Brown at Sport Fit after she reported seeing Payne there. Officer Proctor observed that Brown was "noticeably afraid." He investigated and learned that the gym had offered Payne a law enforcement discount; he discovered in Payne's membership file a photocopy of a D.C. Police Department badge, which bore the word "Reserve" on the top and lacked any identifying information. The membership file also indicated that Payne lived not at Brown's apartment complex but at 8714 Cresthill Court, Laurel, Maryland.

---

[*] Although Payne and Brown have conflicting recollections of the encounters, Payne does not dispute that Brown recounted her version of events to the police.

3

As part of his investigation of Payne, Officer Proctor additionally contacted the D.C. Police Department and inquired whether Payne was a D.C. police officer (but not whether he was a reserve officer). A personnel employee informed Officer Proctor that Payne was not listed in the D.C. Police Department's database. Officer Proctor also visited the management office of Brown's apartment complex. The manager informed Officer Proctor that Payne was not a resident of the complex and that the complex had not granted Payne the authority to issue warnings or citations on the premises. Officer Proctor learned that the apartment complex listed an "Anabel Payne" as a resident, but he did not knock on the door of Anabel Payne's apartment, or attempt to contact Payne at the Cresthill Court residence listed in the Sport Fit membership file. In fact, at the time of the events in question, Anabel Payne, the signatory on the lease of an apartment in the Springhouse Lane complex, was Chauncey Payne's mother and Chauncey Payne had resided in her apartment since December 2005.

In the warrant affidavit, Officer Proctor identified Payne's residence as the Cresthill Court address shown on the Sport Fit membership file. Although Officer Proctor had possession of a Maryland Motor Vehicle Administration report showing Payne's residence as 9407 Springhouse Lane, Officer Proctor made no mention of that fact in the affidavit. Nor did

4

Officer Proctor include in the warrant affidavit that the Springhouse Lane complex listed "Anabel Payne" as a resident.

On April 20, 2006, on the basis of Officer Proctor's warrant affidavit, a state court commissioner issued an arrest warrant charging Payne with two counts of impersonation of a police officer (one count as to Brown and one count as to Sport Fit gym), one count of wearing police articles, and one count of stalking. On the first day of the ensuing trial, the prosecutor issued a nolle prosequi on all charges.

Thereafter, Payne filed this suit. At the heart of Payne's claims is the charge that Officer Proctor violated Payne's Fourth Amendment rights by deliberately or recklessly omitting facts from the warrant affidavit, and that these omissions were material in improperly establishing probable cause for the warrant.

II.

The district court concluded, as a matter of law, that Officer Proctor had not alleged sufficient facts to support any violation of Payne's Fourth Amendment rights. The court held that the proffered facts could not support a finding that Officer Proctor deliberately or recklessly omitted material information from the warrant affidavit. The court reasoned that "even after including the information that an 'Anabel Payne' was

5

listed as a resident and the fact that Payne lived at 9407 Springhouse Lane (as opposed to 8714 Cresthill Court), the 'corrected' warrant affidavit would still establish probable cause for -- at minimum -- the impersonation charge."

Further, the district court determined that, in any event, qualified immunity barred Payne's claims against Officer Proctor because "it was reasonable for Proctor to believe, under the circumstances, that his warrant affidavit exhibited probable cause." Based on its findings that probable cause existed for Payne's arrest and that Officer Proctor was entitled to qualified immunity, the district court granted the defendants' motion for summary judgment on all of Payne's federal and state claims.

Payne filed a timely appeal. We review a grant of summary judgment de novo, examining the facts in the light most favorable to the nonmoving party. Anderson v. Russell, 247 F.3d 125, 129 (4th Cir. 2001).

III.

Having carefully considered the record, the briefs and arguments of the parties, and the controlling authorities, we conclude that the district court's analysis was correct. Accordingly, we affirm on the basis of the district court's well

reasoned opinion.  See Chauncey Louis Payne v. City of Laurel, Md., No. RDB-07-583 (D.Md. June 29, 2009).

AFFIRMED